IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL A. BOSH, Chairman on behalf of the STEELWORKERS PENSION TRUST, <br><br> Plaintiff, <br><br> v. <br><br> REMALY MANUFACTURING CO., INC., <br><br> Defendant. | ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

1. Jurisdiction of this action arises under §502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145, §404(b), 29 U.S.C. §1104, §406, 29 U.S.C. §1106, §409, 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that Defendant, Remaly Manufacturing Co., Inc. ("Remaly"), has failed to pay monthly pension contributions to Plaintiff in violation of Remaly's:

   A. Labor Agreement with the United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service-Workers International Union on behalf of Local No. 1187-06 (the "USW");

   B. Steelworkers Pension Trust Pension Incorporation Agreement; and

   C. Memorandum of Agreement regarding Changes to the Steelworkers Pension Trust Pension Incorporation Agreement.

   (collectively the above three agreements are referred to as the "CBA").

2. The Steelworkers Pension Trust (hereinafter "SPT"), is a Pennsylvania non-profit corporation which maintains its principal place of business at 60 Boulevard of the Allies, Suite 600, Pittsburgh, Pennsylvania 15222.

3. The SPT is a "defined benefit plan" within the meaning of Section 3(35) of ERISA, 29 U.S.C. §1002(35).

4. The SPT is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

5. The SPT is a jointly administered employee benefit trust fund composed of an equal number of union and management trustees, established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act ("Taft-Hartley Act"), 29 U.S. C. §186(c)(5).

6. Plaintiff Daniel A. Bosh, being Chairman of the SPT's Board of Trustees (hereinafter "Board") is duly authorized to act on behalf of the Board. Plaintiff and the Board are fiduciaries of the SPT within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

7. The SPT is administered within this judicial district.

8. Remaly is engaged in the manufacturing business and maintains its principal place of business at 211 Cedar Street, Tamaqua, Pennsylvania 18252.

9. In violation of the CBA, Remaly has failed to make payments of principal contributions to the SPT for the period of July 2013 through May 2017, which has resulted in an estimated principal deficiency of $38,600.00. In addition, interest through June 30, 2017 of $11,316.25 and liquidated damages of $3,860.00 are also due to the SPT, for a total deficiency of $53,776.25. Interest will continue to accrue after June 30, 2017 at the rate of $12.69 per day.

10. The SPT also claims any additional amounts which may be shown to be due until the termination of this case. Interest will be assessed on the principal amount thereof at fifteen percent (15%) per year and liquidated damages at ten percent (10%) times the principal amount owed by Remaly. In the alternative, the SPT reserves the right to assert a claim for such additional amounts due in a subsequent legal action.

LIT:624903-2:029107-180190

11. The SPT has demanded payment of these amounts, but Remaly has neglected and continues to neglect to pay such amounts.

12. Pursuant to ERISA, Remaly is also obligated to pay the SPT's reasonable attorneys' fees which are estimated at $10,775.25 through June 30, 2017. The SPT claims all attorneys' fees due until termination of this case.

13. Remaly's failure to pay such delinquencies has caused the SPT to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension benefits to covered workers and their families.

WHEREFORE, the SPT demands the following relief:

(a) For Remaly to be required to file complete and accurate monthly remittance reports with the SPT covering all aspects of Remaly's business operations from July 2013; and

(b) For Remaly to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by Remaly's covered employees since July 2013 to enable the SPT to verify the amounts due and owing to the SPT; and

(c) For a money judgment in favor of the SPT and against Remaly in the sum of $64,531.50, plus such additional amounts shown to be owed to the SPT until termination of this case, plus liquidated damages, attorneys' fees, and costs of suit; and

(d) For such other and further relief as the Court may deem just.

TUCKER ARENSBERG, P.C.

 s/Neil J. Gregorio
Neil J. Gregorio, Esquire
PA I.D. No. 90859
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff
Daniel A. Bosh, Chairman on behalf of the
Steelworkers Pension Trust